## BOARD OF TRUSTEES OF PLYMOUTH GRADED SCHOOL DISTRICT v. PRUDEN AND COMPANY.

(Filed 2 June, 1920.)

**1. School Districts— Schools—Buildings—Equipment—Statutes—Bonds.**

　　Legislative authority to a school district to issue bonds to erect a school building or buildings for the accommodation of the public schools therein, includes the power to provide the ordinary equipment. *Commissioners v. Malone,* 179, N. C., 110.

**2. Same—Taxation—Interest—Sinking Fund.**

　　Where a statute authorizes a school district to issue bonds to erect a school building or buildings, with provision for a special tax to pay the interest thereon "and to create a sinking fund sufficient to retire said bonds at their maturity," the provisions of the statute would control those of an ordinance limiting the amount, assuredly if the bonds were in the hands of an innocent purchaser for value; and were it otherwise, the validity of the bonds would not be affected under the principle applied in *Commissioners v. McDonald,* 148 N. C., 125.

CIVIL ACTION, heard on case agreed before *Lyon, J.,* at Spring Term, 1920, of WASHINGTON.

It appears from the facts properly presented that pursuant to an act passed for the purpose in reference to Plymouth Graded School District, ch. 128, Laws 1919, an election was held on 8 July, 1919, and the votes of said district by a large majority approved the proposition to issue coupon bonds to the amount of $60,000, to provide a fund for the erection of a school building for the accommodation of the public schools of said district, the said majority vote having been expressed on a ballot "for school bonds and taxes," as the statute directs.

In reference to the taxes to be levied to carry out this measure, the act provides in sec. 1, "that the proposition to be submitted shall be for the issue of $60,000 of bonds for the purpose designated, and for the levying of a tax sufficient to retire said bonds." And again, in sec. 8, "That if in the election provided for in the act the majority of the qualified voters of the district shall have voted for school bonds and taxes, and said bonds shall have been issued and sold, the board of commissioners is hereby authorized and directed to levy annually upon the property and polls of the district a special tax sufficient to provide for the payment of the interest on said bonds, and to create a sinking fund sufficient to retire said bonds at their maturity." The bonds having been prepared, the defendants agreed to purchase the same at a stipulated price, and now resist payment on the grounds:        .

1. That in the resolution of the county commissioners ordering the election it is provided that the proceeds of the bonds are to be used for the equipment as well as the erection of the buildings.

2. That in said resolution it is provided that the maximum annual tax for the payment of the interest and final retirement of said bonds shall be 75 cents on property, and $2.25 on the poll.

It further appears in the case agreed that according to the valuation of property in Plymouth Graded School District now prevailing the maximum tax is more than sufficient to meet the annual interest and retire the bonds at maturity as the statute contemplates and provides.

On these the facts chiefly relevant, there was judgment for plaintiff, and defendant excepted and appealed.

*Zeb Vance Norman for plaintiff.*
*Van B. Martin for defendant.*

HOKE, J., after stating the facts: The power to erect a school building or buildings for the accommodation of the public schools of a given district in our opinion includes the power to provide the ordinary equipment. As indicated in a recent decision of this Court, this equipment

consists in great part of seats and desks for the pupils, fastened to the building after the manner of fixtures, and comes clearly within the terms and purport of such a law as ordinarily expressed, and the first objection of the defendant has been properly disallowed. *Comrs. v. Malone, ante,* 10.

In reference to the second objection raised by the defendant, we are inclined to the opinion that the proceedings having been instituted, and the bond issue approved under the provisions of the statute specially applicable, that the provisions of the statute would be controlling, and the commissioners at all times empowered to levy a tax sufficient to pay the interest annually and retain the bonds at maturity—assuredly so if the bonds are held by an innocent purchaser for value. *Comrs. v. Malone, supra.*

The question, however, is not presented in the record, for even if the limitation in the amount of taxation contained in the resolution of the commissioners should be held effective, it would in no wise affect the validity of the bonds, under the principle applied by the Court in *Comrs. v. McDonald,* 148 N. C., 125.

We therefore concur in the ruling of his Honor that the proposed bond issue will constitute a binding obligation on the school district, and that the defendants must comply with the contract concerning them.

There is no error, and the judgment of the lower court is
Affirmed.