[L. A. No. 13717. In Bank.—October 26, 1932.]

LOS ANGELES CITY HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY (a Public Corporation), Petitioner, v. H. A. PAYNE, as County Auditor, etc., Respondent.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Petitioner.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondent.

PRESTON, J.—This proceeding in *mandamus* presents the problem of properly interpreting the language of sec-

tion 4.375 of the School Code of California (Stats. 1931, chap. 1184, p. 2492).

Petitioner School District sets forth the great need in Los Angeles County of new elementary schools and of the expenditure of funds for the maintenance and repair of existing school buildings, and for the payment of insurance premiums for their protection, etc., and alleges that requisitions in due form have been made upon respondent auditor for the following purposes: 1. California Trust Company—purchase of school lots; 2. Anton Johnson Co., Inc.—building school buildings; 3. Eric Flodine—altering school buildings; 4. Geo. Mittry—additions to school buildings; 5. B. L. Whitmore Pioneer Shingle Co.—repairing school buildings; 6. J. E. Dwan, Inc.—fencing to improve school grounds; 7. Green-Campbell Co.—insuring school buildings; 8. California Hardware Company—supplying school buildings with equipment; 9. William Martin — improving school grounds; 10. Broadway Department Store, Inc.—linoleum to repair school buildings.

Petitioner further alleges that there is on deposit with the Los Angeles County treasurer a sufficient fund to meet all payments which might be necessary for such purposes, but that respondent county auditor has refused to approve and issue warrants therefor, pending a court ruling as to the meaning of the section of the School Code above cited, wherefore petitioner prays for the issuance of a writ of mandate to compel such approval and allowance by respondent.

To state the issue another way, a school budget was duly prepared by the board of education, approved by the county superintendent of schools and presented to the board of supervisors to be raised by taxation as by law provided, a portion of which budget related to a fund known as the building tax fund and contemplated an expenditure from said fund of some $573,213 for the purchase of school land, new buildings and equipment, as well as alterations, repairs, improvement and maintenance of existing buildings. Respondent auditor based his refusal to allow requisitions and warrants for such expenditure upon the ground that the items were not proper charges against the building tax fund; that they were not authorized by said statute and that they

had not been specially authorized by a vote of the people of the district.

A brief review will now be made of the legislation which preceded the enactment of section 4.375.

Section 1830 of the Political Code (Stats. 1927, p. 727, chap. 436) provided that a board of school trustees might call an election and submit to the electors of the district the question of whether a tax should be raised to furnish additional school facilities, to maintain any school, to build schoolhouses, to improve school grounds, etc. This section became in substance section 4.410, chapter II, of the School Code, which was adopted in 1929.

Section 1838 of the Political Code (Stats. 1927, p. 316, chap. 168) provided that the board of school trustees or education must, before the tenth day of July, "submit to the county superintendent of schools an estimate of any amount of money which will be required for purchasing school lots for building or purchasing one or more school buildings or making alterations or additions or repairs to any school building or buildings, for repairing, restoring or rebuilding any school building damaged, injured, or destroyed by fire, or other public calamity, for insuring school buildings, for supplying school buildings with furniture or necessary apparatus, or for improving school grounds in their several districts for the ensuing school year"; that the county superintendent submit said estimates, with his approval or disapproval thereof, to the board of supervisors and county auditor at the time he submitted his estimate for the county school tax for the ensuing year; that, if approved, the board of supervisors must levy and collect the additional tax, provided, that the maximum rate should not exceed 15 cents on each $100; further provided, that the section should not be so construed as to repeal sections 1830 and 1837, inclusive, and 1840 of the Political Code. Said section further provided that "the funds so levied and collected shall be known as the special building fund of . . . school district . . . and shall be available for any or all of the purposes hereinbefore enumerated. . . . " This section in substance became sections 4.460–4.466, chapter IV of the School Code.

Section 1839 of the Political Code provided that the maximum rate of tax levied by a district in any one year

for building purposes must not exceed seventy cents on each hundred dollars and the maximum rate levied for other school purposes must not exceed thirty cents on each hundred dollars in any one year. This section became in substance section 4.490 of the School Code as amended (chap. 397, School Code, p. 334).

Thus under the above legislation an election was required to authorize any school tax over the 15 cents per $100 rate and within the maximum 70 cents per $100 rate.

It appears that the School Code, as adopted in 1929, contained four chapters, in substantially the same general language (chaps. IV, V, VI, VII of part III), providing funds respectively for elementary school districts, junior high school districts, high school districts and junior college districts. In 1931 these four chapters, part of chapter II and chapter 397. were repealed; that is, the repeal included all of the sections above reviewed (Stats. 1931, chap. 184, p. 2492, and Stats. 1931, chap. 1177, p. 2486, repealing chap. II, secs. 4.410–4.434, incl., pt. III, div. IV of the School Code). At the same time various new provisions were enacted, including section 4.375, which was evidently designed to replace, in a simplified form, the several repealed sections above mentioned. Said section 4.375 reads as follows:

"4.375. Except as otherwise provided elsewhere in this code, the maximum rate which, under the provisions of this chapter, may be levied in any one year on each one hundred dollars of assessed valuation within the district must not exceed the following: 1. For any elementary school district, seventy cents for building purposes, and thirty cents for other school purposes. . . . 2. For any high school district, seventy-five cents, the proceeds of which may be used in the discretion of the governing board . . . for building or other purposes. 3. For any junior college district, fifty cents, the proceeds of which may be used . . . for building or other purposes." (Stats. 1931, p. 2493, chap. 1184.)

From this section itself and from section 4.376 (Stats. 1931, p. 2494, chap. 1184), which provide that any maximum rate of tax for any district may be increased by a majority vote of the qualified electors of the school district, it is clear that taxes within the limits prescribed may be levied without the necessity of securing the consent

of the electors of the district. It is also clear that under section 3 of the School Code we must give the statute a liberal construction to effect its objects and to promote justice. The prime duty of specifying the purposes for which money will be needed rests upon the "governing board" of the several districts (sec. 4.360). It is the duty of the board of supervisors to levy and cause to be collected a tax to meet this budget (sec. 4.372). █ It is conceded that every item here involved was properly payable out of the "building fund" under former section 1838 of the Political Code, and likewise payable out of the "building fund" under sections 4.460 and 4.463 of the School Code of 1929. The only vital difference between the situation now and then is that now instead of a limit of 15 cents without a vote of the district the limit has been raised to 70 cents.

█ We hold that by the repeal of the above-mentioned sections it was not the intention of the legislature to cripple the school system, but, on the contrary, it was its intention to nurture it and to simplify the procedure to that end. Building purposes, under former sections 1838 of the Political Code, and 4.460 of the School Code, included: "purchasing school lots, for building or purchasing one or more school buildings or making alterations or additions or repairs to any school building or buildings, for repairing, restoring or rebuilding any school building; damaged, injured, or destroyed by fire, or other public calamity, for insuring school buildings, for supplying school buildings with furniture or necessary apparatus or for improving school grounds in their several districts for the ensuing year." (Sec. 4.460, School Code of 1929.)

█ We conclude that the phrase here in question must be given the same meaning—a special and well-understood meaning which it has acquired in the school law. Moreover, were we construing the phrase anew we would not restrict its meaning, as contended for by respondent, to the erection of new school buildings only.

Let the writ issue as prayed.

Curtis, J., Seawell, J., Shenk, J., Langdon, J., Waste, C. J., and Tyler, J., *pro tem.*, concurred.

· A rehearing was denied on November 23, 1932, and the following opinion was then rendered thereon:

THE COURT.▮ Respondent again insists that under sections 6.40 and 6.100 of the School Code, school trustees and boards of education may not expend moneys from taxes, though levied for the purpose of building schoolhouses or for the purchase of school lands, without a vote of the district authorizing such action. We intended to hold that within the limits prescribed by section 4.375 this might be done without such a vote. ▮ We construe the plain intent of the above-mentioned sections to be that such expenditures are optional within the said limits and compulsory where required by a vote of the district. We take the legislative intent to have been that in repealing section 4.469, this section was deemed superfluous in view of the recasting and restating of the various chapters of the School Code as noted in our former opinion.

Rehearing denied.