527 P.2d 313
James H. FITZPATRICK, Plaintiff-
Appellant,

v.

Claude W. WELCH, Chairman, et al.,
Defendants-Respondents.

No. 11347.

Supreme Court of Idaho.

Oct. 7, 1974.

W. W. Nixon and James F. Lyons, Nixon, Nixon & Lyons, Coeur d'Alene, for plaintiff-appellant.

Gary M. Haman, Kootenai Co. Pros. Atty., Coeur d'Alene, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from a judgment quashing an alternative writ of mandamus and prohibition, denying the issuance of a permanent writ and declaring the office of Sheriff of Kootenai County, Idaho to be vacant. We affirm.

Petitioner-appellant was elected Sheriff of Kootenai County, Idaho in the general election of November, 1972. He assumed the duties of such office on January 8, 1973. On March 8, 1973, appellant submitted a purported resignation from the office of Sheriff to the Board of County Commissioners of Kootenai County by a written document stating "I hereby tender my resignation effective April 11, 1973." On March 8, 1973 the Board of County Commissioners received said document and accepted the resignation. The Board, however, allegedly changed the effective date of the resignation to April 9, 1973 for reasons having to do with county payroll periods. The Board's acceptance of appellant's resignation was communicated to the appellant both by letter and by telephone. The change of the effective date of the resignation to April 9, 1973 was allegedly agreed to by and between the appellant and the respondents. On March 14, 1973, appellant requested the respondent Board to withdraw and rescind his resignation. Respondents refused and advised appellant of their refusal. Thereafter appellant filed the instant action seeking an alternative writ of mandamus and prohibition to compel the respondent Board of County Commissioners to withdraw appellant's resignation and to also prohibit that Board from

appointing a successor. In the record there is no showing of force or coercion upon the appellant to resign his office of Sheriff. The act was evidently the product of his own free decision.

Under Idaho statutes every civil office is vacant upon resignation of the incumbent at any time before the expiration of the term of such office; resignations of such offices must be in writing and in the instant case resignations are submitted to the Board of County Commissioners. I.C. §§ 59–901, 59–902. Idaho Code § 59–902 provides in pertinent part: "Such resignation shall not take effect until accepted by the board or officer to whom the same is made."

■ A writ of mandate will not issue unless the petitioner therefor has a clear legal right to performance of the act demanded and the defendant has a clear legal duty to so act. I.C. § 7–302; Felton v. Prather, 95 Idaho 280, 506 P.2d 1353 (1973). Conversely, a writ of prohibition will not issue to restrain officers from the performance of ministerial acts which are legal duties required to be performed. Common School District No. 58 v. Lunden, 71 Idaho 486, 233 P.2d 806 (1951).

The essential facts do not appear to be in dispute and as stated by the appellant there is but one question presented here, "whether the appellant had the right to withdraw his resignation after it had been accepted by the Board of County Commissioners and before the time specified in such resignation for its effectiveness." Such question is one of first impression in Idaho.

Appellant argues that the great weight of authority in other jurisdictions is that a prospective resignation may be withdrawn before the time prescribed for it to take effect. That line of authority is headed by the case of State ex rel. Ryan v. Murphy, 30 Nev. 409, 97 P. 391 (1908). Respondents on the other hand contend that the better reasoned line of authority is to the contrary, such line of authority being headed by the case of People v. Kerner, 19 Ill.2d 506, 167 N.E.2d 555 (1960).

We examine first the case principally relied upon by appellant, State ex rel. Ryan v. Murphy, *supra*. We find it distinguishable and not persuasive. The Nevada court carefully distinguished between the law of Nevada and that of other jurisdictions pointing out that in Nevada acceptance was not necessary to the effectiveness of a resignation. The court reasoned that since no acceptance of the resignation was necessary and had not taken place, no vacancy existed and therefore the resignation could be withdrawn. We are not persuaded by that reasoning.

■ Turning to respondents' contention as exemplified by People v. Kerner, *supra,* we note that the factual situation in that case was substantially similar to the case at bar. Therein the Illinois court held that a person who tendered a resignation thereafter could not withdraw it over the protests of the authority to which it was tendered. That decision was even more drastic than this since there had not been acceptance of the resignation by the appropriate authority. The court therein stated, "[P]ublic policy requires that there be certainty as to who are and who are not public officers. Otherwise, there is doubt and confusion which leads to needless litigation." 167 N.E.2d at 558. Such reasoning is appealing and is adopted herein.

We note that the office in question is that of county sheriff. The person filling that office is the principle law enforcement officer of the county. The duties of the office are many and varied and encompass more than traditional law enforcement. It is essential to the welfare of the public that there be continuity during the elective term of such office and that the people of the county know to whom they may turn for law enforcement.

A decision contrary to that reached by the Court today would promote uncertainty, doubt, confusion and perhaps needless litigation. If appellant or any other public

officer were to be permitted once to indicate his lack of desire to hold an office and tender a resignation to be effective at some date in the future and then withdraw it, then logically he or any other person could do so a second, third, and fourth time ad infinitum. Such conduct could be destructive of the orderly conduct of governmental affairs, the ability of an appointing authority to seek out and secure qualified persons to fill the purported vacancy, and, as mentioned before, to assure the public of adequate law enforcement.

The judgment of the district court is affirmed in all respects. Costs to respondents.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.