805 P.2d 1233

**IDAHO COUNTY PROPERTY OWNERS ASSOCIATION, INC., Mardell J. Edwards, its president and individually, and Betty DeVeny, Plaintiffs–Appellants,**

v.

**SYRINGA GENERAL HOSPITAL DISTRICT, a hospital district organized and operating under the laws of the State of Idaho and its Board of Trustees, John Link, Ray Stowers, Mildred Asker, Gretta Anderson, Kathie Snodgrass, Carm Spencer, and Wayne Hollopeter, in their official capacity, Defendants–Respondents.**

No. 18286.

Supreme Court of Idaho,
Lewiston, October 1990 Term.

Feb. 8, 1991.

Roger L. Williams, Kamiah, for plaintiffs-appellants.

Clements, Brown & McNichols, Lewiston, for defendants-respondents. Michael E. McNichols, argued.

McDEVITT, Justice.

This is an action by the plaintiffs for a writ of mandamus, a writ of prohibition, or in the alternative, an injunction to prohibit the Syringa Hospital District from expending taxes levied and collected by the district. The trial court dismissed the plaintiffs' petition as moot, as it determined that the taxes had already been expended. We affirm in part, reverse in part, and remand.

Syringa Hospital District ("Syringa") is a taxing district that encompasses most of Idaho County. Syringa was duly formed in 1975. It has operated at a small profit since its inception. It was not until 1984 that Syringa began issuing tax levies to create a fund for future building expansion and renovation.

Starting with fiscal year 1985, Syringa began issuing and collecting a one (1) mill tax levy pursuant to I.C. § 39–1334. This section allows a one (1) mill levy to be assessed for the purposes of creating a "reserve sinking fund" to accumulate money for future capital expenditure needs. Between 1985 and 1989, Syringa collected $259,082.00 from this levy and placed the monies in a capital improvement fund for future use.

In the years 1987 and 1988, Syringa levied and collected a one (1) mill levy pursuant to I.C. § 39–1333. This section allows a taxing district to levy for its annual operating budget. Syringa collected $155,969.00 pursuant to this levy and also placed these funds in the capital improvement fund for future use.

In May of 1988, Syringa was successful in obtaining an Idaho Community Development Block Grant to renovate the existing hospital facilities. Syringa needed $538,000.00 of its own monies to complete the renovation. Syringa used the funds in the capital improvement fund to help pay this cost.

In September of 1988, plaintiffs instituted the present action seeking a writ of prohibition, a writ of mandamus, or injunctive relief. Plaintiffs sought an order prohibiting the expenditure of any funds remaining in the capital improvement fund and returning them to the taxpayers.

The trial court found that the issue was moot as the monies in the capital improvement fund were either already spent or had been committed to pay the cost of the renovation. Finding no justiciable issues, the trial court granted defendants' motion for summary judgment dismissing all claims against Syringa and the plaintiffs appealed. We affirm in part, reverse in part, and remand.

ISSUES

The issues on appeal are:
(1) Were the I.C. § 39–1334 taxes properly levied and expended by Syringa?
(2) Was Syringa Hospital District a "taxing district newly created" for purposes of I.C. § 63–2220?
(3) Were the I.C. § 39–1333 taxes properly levied and expended?

(4) Was relief available through a writ of prohibition, a writ of mandamus, or an injunction?

(5) Were the issues raised by plaintiffs moot?

(6) Did Syringa Hospital District violate the budget certification process required by I.C. §§ 63–624 and 63–624A?

To determine whether the tax levies were proper, it is necessary to approach each levy separately. First we will address the I.C. § 39–1334 levies and then we will consider the I.C. § 39–1333 levies.

At the outset, we are mindful that all tax statutes are to be strictly construed and any ambiguities will be resolved in favor of the taxpayers. *Futura Corp. v. State Tax Commission*, 92 Idaho 288, 442 P.2d 174 (1968). Statutes must be interpreted to effectuate the intent and purpose of the legislature. *Gumprecht v. City of Coeur d'Alene*, 104 Idaho 615, 661 P.2d 1214 (1983).

## 1. IDAHO CODE § 39–1334 LEVIES

■ The pertinent part of I.C. § 39–1334, entitled "Additional tax levies," states:

(a) If it becomes necessary and expedient so to do, it shall be lawful for the board to levy additional taxes and collect revenue for the purpose of creating a reserve sinking fund for the purpose of accumulating moneys with which to add new buildings or necessary equipment, and to provide extensions of and betterments to the improvements of the district, and for such purposes may levy an additional tax not to exceed one (1) mill on the dollar on all taxable property in the district.

We find no ambiguity in this statute. Where no ambiguity exists, we must follow the law as written. *Herndon v. West*, 87 Idaho 335, 393 P.2d 35 (1964). This statute allows for an accumulation of monies for capital improvements as determined by the board of the taxing district. There are no requirements for a public hearing, or a specific plan of renovation, nor a maximum period allowed for accumulation. The board of directors of the taxing district are allowed complete discretion to assess this levy.

Syringa levied and collected monies pursuant to this statute and placed them in a separate capital improvement fund. These monies accumulated for a period of years and were then used to pay for the renovation of the existing facilities, as contemplated by the statute. We hold that this tax was properly levied and expended.

## 2. "TAXING DISTRICT NEWLY CREATED"

■ We next turn our attention to the I.C. § 39–1333 levies. This levy requires a much more detailed analysis.

Idaho Code § 39–1333 allows for an ad valorem tax for the purpose of raising "the amount required by the district annually to supply funds to pay for expenses of organization, purchase of necessary equipment, operation, maintenance and upkeep of the works and equipment of the district ...," or in other words, the district's annual operating budget. This section limits the amount the district can levy to three (3) mills on the dollar and provides that any levy in excess of two (2) mills requires a public hearing before the board can issue the levy.

A district's budget request is controlled by I.C. § 63–2220, the budget limitation statute. This section limits a district's budget increases by creating a budget base and allowing annual increases in that base dependant upon different formulas tied to various factors. The ability of Syringa to levy pursuant to I.C. § 39–1333 is dependent on obtaining a base as contained in I.C. § 63–2220 and applying a formula to determine the maximum amount permissible under the statute.

Since I.C. § 63–2220 limits the operating budget, it would only apply to the I.C. § 39–1333 levies and would not apply to the I.C. § 39–1334 levies used for the capital improvement account. The capital improvement account is not part of a district's annual operating budget.

Idaho Code § 63–2220(1) creates six different categories; each category contains a budget base amount and a formula allowing for an annual increase dependant upon certain factors. The six categories contained in I.C. § 63–2220 are:

(i) Districts that levied in any one of the previous three fiscal years preceding the current tax year;

(ii) Districts that had levied previously, but not for the fiscal years 1978, 1979, or 1980;

(iii) Taxing districts newly created;

(iv) School districts;

(v) Highway districts; and,

(vi) Recapture formula for previous budget requests where no increase over the previous year was requested.

A district can override the limitation imposed by I.C. § 63–2220 only by a two-thirds (2/3) vote of the members of the taxing district.

Pertinent to this discussion are the first three subsections, as they are the ones that seemingly would apply to Syringa. Syringa cannot fit into subsection (i) as it did not issue a levy any of the three years previous to the first levy for fiscal year 1987. Likewise, subsection (ii) is inapplicable as Syringa did not issue a levy in 1978, 1979 or 1980. Syringa also failed to issue a levy in any previous year.

The only category that might apply is subsection (iii). Taxing districts newly created are allowed to budget for their current needs with minimum limitations. An ambiguity arises because the statute fails to define the term "taxing districts newly created." We must determine whether this subsection could apply to Syringa.

If it is determined that Syringa did not belong in any category, two results are possible. The first would deny Syringa the ability to issue a levy because it would not have a base from which to work. This is absurd as it would deny Syringa the ability to ever issue a levy, clearly contrary to legislative intent.

The other result would be to determine that I.C. § 63–2220 does not apply and Syringa would be free to issue any levy. This

also seems to contradict the intent of the legislature. Section 63–2220 states that "no taxing district shall certify a budget request to finance the ad valorem portion of its operating budget that exceeds ...," thus signifying an intent to include all taxing districts, present and future, in the statute. It would totally frustrate the purpose of the statute to make an exception for Syringa and other districts in similar situations.

■ The only logical way to construe the statute is to define newly created taxing districts as those districts that have not previously issued a levy. This is the position that Syringa was in in 1987 when it issued the I.C. § 39–1333 levy for the first time. This definition is consistent with the State Tax Commission's interpretation in certifying Syringa's budget requests. This contemporaneous interpretation of the statute by the state agency in charge of administering the statute deserves great weight in resolving the ambiguity and should be followed by this Court unless there are compelling reasons to do otherwise. *Kopp v. State,* 100 Idaho 160, 595 P.2d 309 (1979). We cannot think of any reasons for defining this term otherwise.

Another factor leading us to believe in this interpretation is the amount of time that has transpired since this statute was first enacted. The original statute was enacted in 1980, the amendment allowing for newly created taxing districts was enacted in 1981. Over nine years have passed and the legislature has failed to take any action to amend this statute. The legislature's acquiescence leads us to believe the Tax Commission's interpretation is correct.

3. IDAHO CODE § 39–1333 LEVIES

Since we determine that Syringa is a taxing district newly created, the next step is to determine whether the I.C. § 39–1333 levies were proper.

For fiscal year 1987, in order to obtain a base for I.C. § 63–2220 purposes, the only limitations on Syringa's budget request are the levy limitations in I.C. § 39–1333. The statute allows a levy of up to a maximum

of three (3) mills and any levy in excess of two (2) mills requires a public hearing. Any request less than two (2) mills could be issued by Syringa, as long as the request was certified by the county commissioners and the Idaho State Tax Commission.

For fiscal years 1988 and 1989, Syringa would obtain its base pursuant to I.C. 63-2220(1)(i). Since Syringa had previously levied a tax, the fiscal year 1987 levy would then become the base for fiscal year 1988. The fiscal year 1988 levy would then become the base for fiscal year 1989. The budget requests for both of these years were within the limitations allowed by the statute and were properly levied and collected.

■ Appellants would have us aggregate both the one (1) mill request pursuant to I.C. § 39-1334 and the one (1) mill request pursuant to I.C. § 39-1333 in order to determine that the levies violated the limitation of I.C. § 39-1333. This is not possible. Syringa issued two levies pursuant to two different statutes. Aggregation is not possible.

Syringa issued a one (1) mill levy pursuant to I.C. § 39-1333, well within the limits of the statute and below the two (2) mills that would require a public hearing. This levy was also proper.

■ Although the levies for fiscal years 1987 through 1989 were imposed properly, they were not expended properly. The placing of the taxes collected into the capital improvement account and allowing those levies to accumulate violates the statute. The statute allows a levy to provide funds to be used in the current fiscal year. It does not provide for the funds to accumulate over a period of years.

Idaho Code § 39-1333 does not demonstrate an intent by the legislature to let the district accumulate funds for future use. This section states that taxes are to be raised "annually to supply funds." The wording of this section instructs the board of directors of a taxing district to prepare a budget for the coming fiscal year and then the board is allowed to levy a tax if it is necessary to supply funds for the coming fiscal year. It does not allow the placement of the funds in a capital improvement account.

## 4. AVAILABLE REMEDIES

Having determined that the I.C. § 39-1333 funds were improperly expended, we next turn our attention to the issue of whether summary judgment in favor of Syringa was proper. Upon a motion for summary judgment, all facts and inferences must be drawn in favor of the non-moving party. *Meridian Bowling Lanes, Inc. v. Meridian Athletic Assoc. Inc.*, 105 Idaho 509, 670 P.2d 1294 (1983). Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *Reis v. Cox*, 104 Idaho 434, 660 P.2d 46 (1982); I.R.C.P. 56(c). The standard to be used by this Court when reviewing a motion for summary judgment is the same. *Meridian Bowling Lanes, Inc. v. Meridian Athletic Assoc. Inc.*, 105 Idaho at 512, 670 P.2d at 1297. We hold material facts did exist and summary judgment was improper.

■ The plaintiffs sought mandamus to compel Syringa to return the taxes. Mandamus is properly used to compel the performance of an act required by law. A writ is only issued upon a showing that the petitioner has a clear legal right to relief. *Brooks v. Edgington*, 40 Idaho 432, 233 P. 514 (1925). Mandamus will not lie to coerce or control discretion. *Fitzpatrick v. Welch*, 96 Idaho 280, 527 P.2d 313 (1974). Here, issues involving taxes are left to the discretion of the hospital board. The board is free to levy a tax or not levy a tax; nor are they under a legal duty to pay a tax refund. A writ of mandamus is not proper in this case.

■ The plaintiffs next asked for a writ of prohibition. A writ arrests any tribunal that is about to act without or in excess of authority. I.C. § 7-401. *Stein v. Morrison*, 9 Idaho 426, 75 P. 246 (1904). Thus, a writ will not issue to affect a purely ministerial act. *Taylor v. Girard*, 54 Idaho 787, 36 P.2d 773 (1934). We cannot see how levying taxes or refunding

taxes are judicial or quasi-judicial functions. A writ of prohibition is not available as a means of relief.

The plaintiffs requested injunctive relief in their petition, but failed to pursue this avenue of relief. An injunction is a proper remedy in this situation. A preliminary injunction could have been issued to prohibit Syringa from placing the I.C. § 39–1333 levies in the capital improvement fund or using the funds to help in the renovation. *See,* I.R.C.P. 65(e)(1) and (e)(2). The plaintiffs alleged that the funds were being used in violation of the statute. Plaintiffs had shown the clear right they had for relief and the irreparable injury necessary for the issuance of an injunction. *Farm Service, Inc. v. United States Steel Corp.,* 90 Idaho 570, 414 P.2d 898 (1966); *Evans v. District Court,* 47 Idaho 267, 275 P. 99 (1929). When the trial court heard the arguments on summary judgment, approximately $17,000.00 of the I.C. § 39–1333 funds were left in the capital improvement account. Syringa admitted that it was about to spend this money on the renovation. In spite of these facts, the trial court dismissed this action as moot. This was error.

### 5. MOOTNESS

An issue is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome. *Cenarrusa v. Peterson,* 95 Idaho 395, 509 P.2d 1316 (1973); *Tryon v. Baker,* 94 Idaho 222, 485 P.2d 964 (1971). The trial court determined that it could not grant any relief as any justiciable controversy had ended. At the time summary judgment was heard, there still remained a substantial amount of the I.C. § 39–1333 funds in the capital improvement fund. These funds were in the fund in violation of the statute, and an injunction should have issued to prevent the expenditure of these funds. An injunction would have been effective in preventing the harm of which the plaintiffs complained. All issues raised by the plaintiffs were moot except for the issue of enjoining the expenditure of the remaining I.C. § 39–1333 funds remaining in the capital improvement fund.

Thus, the requirements for an injunction were present and it was error for the district court to deny the injunction. We remand to the trial court to ascertain whether any I.C. § 39–1333 funds remain in the capital improvement fund. If funds do remain in the fund, they must be removed.

### 6. CERTIFICATION PROCESS

Plaintiffs also complain that Syringa failed to comply with the certification requests of I.C. §§ 63–624 and 63–624A, which require the taxing district to file a certified copy of its budget with the county commissioners at the time of certifying the total amount required from a property tax. Syringa has since changed its procedure to comply with these statutes, so the issue is moot. Although non-compliance with these statutes does not invalidate the levies, compliance is mandatory and the county commissioners should have required Syringa to file a certified copy of its budget.

### CONCLUSION

We hold that the I.C. § 39–1334 funds were properly levied and expended. We hold that the I.C. § 39–1333 funds were properly levied, but improperly spent. We reverse and remand the decision of the trial court granting summary judgment in favor of Syringa.

We award costs to appellants on appeal.

BAKES, C.J., and BISTLINE and BOYLE, JJ., concur.

JOHNSON, Justice, dissenting:

The basic premise of that portion of the Court's opinion dealing with I.C. § 39–1333 is that the levy for the fiscal year 1987 was properly imposed but was not properly expended. The minutes of the meeting of the hospital board of trustees of August 19, 1987 indicate that the board authorized the levy of one mill under I.C. § 39–1333 "that will be used for capital expenditures only." The minutes of the September 17, 1986 meeting of the board merely refer to "leav-

ing the 2 mills in place and begin construction as soon as possible."

I cannot agree that we should characterize the imposition of the levy under I.C. § 39–1333 as being proper and only the expenditure as being improper. In light of the stated purpose for the levy under I.C. § 39–1333, it appears to me to be an additional levy under I.C. § 39–1334(a). Construing it in this fashion the effective levy creating a reserve sinking fund for the purpose of accumulating money with which to add new buildings or necessary equipment would have been an additional tax of two mills, instead of one mill as permitted under I.C. § 39–1334.

I also believe we should consider not only the I.C. § 39–1333 funds remaining in the capital improvement account at the time of the remand, but the funds existing in that account, either at the time the action was filed, the time the petitioners filed their motion for alternative writ of prohibition, or alternative writ of mandate or the time of the summary judgment.