917 P.2d 790

**In the Matter of Application of Idaho Power Company for Authority to Rate-base the Investment Required for Adding Capacity to the Twin Falls Hydroelectric Facility.**

**ROSEBUD ENTERPRISES, INCORPORATED, Petitioner–Appellant,**

v.

**IDAHO PUBLIC UTILITIES COMMISSION and Idaho Power Company, Respondents.**

No. 20910.

Supreme Court of Idaho,
Boise, December 1995 Term.

May 30, 1996.

Orndorff & Trout, Boise, for appellant. Owen H. Orndorff argued.

Alan G. Lance, Attorney General; Bradford M. Purdy, Deputy Attorney General

argued, Boise, for Idaho Public Utilities Commission. Bradford M. Purdy argued.

Evans, Keane, Boise, for Idaho Power. Larry Ripley argued.

SCHROEDER, Justice.

This is an appeal from Idaho Public Utilities Commission (IPUC) Orders No. 25160 and 25021. In these orders the IPUC accepted Idaho Power Company's (Idaho Power) offer of an estimated upgrade cost for its Twin Falls hydroelectric plant and permitted the estimate to serve as a cap for the amount Idaho Power may include in its future ratebase. The IPUC also recognized that Idaho Power will be allowed to recover in its revenue requirement its prudently incurred investment in the Twin Falls upgrade. Rosebud Enterprises, Inc. (Rosebud) appeals the orders of the IPUC, asserting that placing the Twin Falls project in Idaho Power's ratebase is unfair to ratepayers because the Company could obtain the same energy from Rosebud at a much lower cost: the avoided cost for Rosebud's proposed facility.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On March 25, 1991, Idaho Power filed an Application with the IPUC seeking ratemaking assurance of Idaho Power's investment in the upgrade of its 9 megawatt (MW) Twin Falls hydroelectric project. The upgrade is estimated to increase the total output of the Twin Falls plant to 52.5 MW. Idaho Power's license for the Twin Falls project, issued by the Federal Energy Regulatory Commission (FERC), expired in 1984. Idaho Power operated under annual renewals until January 18, 1991, when FERC renewed Idaho Power's license for the Twin Falls project for an additional 50 years.

On November 25, 1992, Idaho Power filed a "commitment estimate" with the IPUC. Idaho Power's estimate ranged from $42,-366,000.00 to $50,839,000.00 plus 20 percent for specified contingencies as a cost ceiling

on the amount of investment it would ultimately seek to include in the ratebase. If the final cost were less than the offered estimate, the actual costs would be used in ratemaking; if the actual cost exceeds the commitment estimate, Idaho Power would absorb the excess and would seek to include only the amount of the commitment estimate. The project has in fact been completed below the cost ceiling, and the costs of the project have now been included in Idaho Power's ratebase.

On March 17, 1993, Rosebud filed a petition to intervene. Rosebud is an independent power developer proposing to construct a 40 MW petroleum coke-fired [1] generating plant near Mountain Home, Idaho, and is a self-certified "Qualifying Facility" (QF) under the Public Utility Regulatory Policies Act of 1978, 16 U.S.C. § 824a–1, et seq. (PURPA). The IPUC issued Order No. 24820 granting Rosebud's Petition to Intervene, finding that Rosebud had "a direct and substantial interest in Idaho Power's request to obtain ratebase preapproval of a base load generating plant."

Idaho Power argued that the Twin Falls upgrade was "nondeferrable" and that it had to optimize the use of the resource to obtain a renewed license from FERC within a time certain or face the possibility of losing its license and the project to another entity. IPUC Order No. 22299 had expressed the IPUC's support of FERC relicensing:

> Because existing hydroelectric plants could be lost to competing companies if FERC relicensing requirements are not aggressively pursued, relicensing alternatives require special consideration. For example, if hydroelectric plant relicensing upgrades are proposed, their costs should be presented both as a function of increased plant output and of total plant output to recognize the potential for losing the entire site . . .

Rosebud maintained that allowing the Twin Falls upgrade to be included in Idaho Power's rates would discriminate against Ro-

---

1. coke: Solid carbonaceous residue obtained from bituminous coal after removal of volatile material by destructive distillation, used as fuel and in making steel. *Webster's II New Riverside University Dictionary,* 1988.

sebud's Mountain Home QF project, because Idaho Power is allegedly refusing to purchase the power from that project.[2] Rosebud also contended that Idaho Power's own calculations showed no need for new resources until the year 2006, and, therefore, the Twin Falls project is unnecessary.

On July 22, 1993, the IPUC issued Order No. 25021 granting Idaho Power the following assurance:

> [W]e find that, in the ordinary course of events, the Company may expect its investment in the Twin Falls project to be recognized in its revenue requirement, barring unforeseen circumstances of a kind not characteristic of hydroelectric facilities. The ultimate decision determining the appropriate amount of the Twin Falls investment to include in revenue requirement will, of course, be made during the course of a general rate proceeding or a tracker proceeding initiated for that purpose.

The IPUC recognized the inherent value of hydropower, noting that Idaho Power's ratepayers enjoy some of the lowest rates in the nation and that they "have been fortunate to avoid the economic and environmental consequences associated with a predominantly thermal based electric utility." The IPUC rejected Rosebud's contention that the Twin Falls project must be compared to whatever rates Rosebud ultimately receives from Idaho Power for the Mountain Home project.

Rosebud petitioned the IPUC for reconsideration of Order No. 25021. The IPUC issued Order No. 25160 affirming all aspects of its ruling, determining that Rosebud failed to prove that the assurance granted to Idaho Power by the IPUC violates PURPA. The IPUC concluded that there is no justification for holding utility constructed and owned projects to rules set for QF contracts. Rosebud did not seek to enjoin or restrain the enforcement of the IPUC Orders pursuant to section 61–633 of the Idaho Code (1994). Rosebud appealed the IPUC Orders to this Court.

## II.

### APPEAL IS MOOT DUE TO FAILURE TO COMPLY WITH I.C. §§ 61–633 & 61–634

If a party seeks to suspend the operation of an IPUC order, that party must comply with the statutory requirements set forth by the legislature. Idaho Code section 61–633 sets forth the procedure which must be utilized to a stay an IPUC order.[3] In determining an applicant's right to an injunction, restraining order or other order suspending or staying the operation of an order, a court must determine if the applicant has proven that there would be "great and irreparable damage" if the stay were not granted. I.C. § 61–633. Idaho Code section 61–634 (1994) states that in case the order or decision of the Commission is stayed or suspended, the order shall not become effective until a suspending bond has been executed and filed with and approved by the Commission, or by the court of review.[4] In essence, I.C. § 61–

2. For further background and resolution of the dispute concerning the Mountain Home project see *Rosebud Enter., Inc. v. Idaho Pub. Util. Comm'n, Idaho Power Co., and PacifiCorp,* 128 Idaho 624, 917 P.2d 781 (1996).

3. **61–633. Stay of order—Notice.—**No court of this state shall enjoin or restrain the enforcement of any order of the commission or stay the operation thereof, unless the applicant for such writ shall give three (3) days' [sic] notice of said application to all adverse parties and to the commission. On the hearing of such application, the applicant shall present to the court a transcript of the proceedings had before the commission, including the evidence, and such transcript shall be considered by the court in determining the applicant's right to an injunction, restraining order or other order suspending or staying the

operation of the order or decision of the commission, and if an injunction, restraining order or other order suspends or stays the order of the commission as issued, such order shall contain a specific finding based upon the evidence submitted to the court and identified by reference thereto that great and irreparable damage would result to the petitioner and specifying the nature of the damage.

4. **61–634. Stay of order—Bond.—**In case the order or decision of the commission is stayed or suspended, the order shall not become effective until a suspending bond has been executed and filed with and approved by the commission, or by the court of review, conditioned in manner and form as the suspending bond specified in section 61–637, and the court shall direct that all moneys involved in said proceeding shall be paid into

634 is a bond-posting requirement to effect a stay.

This appeal process is not a stay of the IPUC orders. The Idaho Code section 61-635 reads:

> **Stay of order on appeal.**—The pendency of an appeal shall not of itself stay or suspend the operation of the order of the commission, but during the pendency of such appeal, the Supreme Court may stay or suspend, in whole or in part, the operation of the commission's order.

Since this Court has not issued a stay, and the filing of an appeal does not constitute a stay, Orders No. 25021 and 25160 have not been stayed.

In *Utah Power & Light v. Idaho Pub. Util. Comm'n*, 107 Idaho 47, 685 P.2d 276 (1984), this Court addressed the Public Utility Law:

> '[W]e construe the Public Utility Law as follows: When any party, be it utility, ratepayer or the State of Idaho, appeals a rate setting Order of the Idaho Public Utilities Commission to the Supreme Court of Idaho, but does not stay the effectiveness of the Order by posting bond under the terms of the Public Utility Law, then the rates and charges set forth by that Order are final in all respects as service is provided and consumed so long as the Order continues in effect. If the Order is later set aside by the Supreme Court of Idaho, no rates and charges previously collected may be adjusted as a result; . . . .'

107 Idaho at 49, 685 P.2d at 278 (quoting IPUC Order No. 13550). The failure to stay an order of the IPUC results in the order being effective until an appeal or a motion for reconsideration is entertained. If the action taken by the IPUC is later altered by the Supreme Court or the IPUC, the alteration is prospective only. In this case Idaho Power has completed the project, and the IPUC has granted the additional revenue requirement, including the cost of the project in Idaho Power's ratebase.

■ For a party to obtain a stay of an IPUC order, there must be a finding of "irreparable damage resulting from probable confiscation." *Utah Power & Light*, 107 Idaho at 52, 685 P.2d at 281. This Court rejected Utah Power & Light's argument that a stay cannot be considered an exclusive remedy from an IPUC order and explained the statutory provisions of the Public Utility Law by stating, "A common thread weaves through these provisions: rates set by order are final *unless stayed* and are determinative of all rights of the parties as long as they remain in effect without regard to whether they are later altered or amended on rehearing or altered or amended after being set aside on appeal." 107 Idaho at 53, 685 P.2d at 282 (emphasis in original). The same interpretation of the Public Utility Law applies to IPUC orders which grant "assurances" to public utilities for future ratemaking proceedings. The project has been completed and included in the ratebase for determining revenue to Idaho Power. Rosebud did not petition for a stay of the IPUC order, I.C. § 61-633, and did not post a bond, I.C. § 61-634. Rosebud is precluded from challenging the assurances offered by the IPUC to Idaho Power. The orders granting the assurances have become final.

■ An action is moot if "it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." *Idaho County Property Owners Ass'n, Inc. v. Syringa Gen. Hosp.*, 119 Idaho 309, 315, 805 P.2d 1233, 1239 (1991). This appeal is moot.

## III.

### CONCLUSION

This appeal is dismissed as moot. The respondents are awarded costs. No attorney fees are allowed.

McDEVITT, C.J., JOHNSON and SILAK, JJ., and REINHARDT J. Pro Tem., concur.

court under the terms and conditions and subject to the disposition thereof, provided in sections 61-637 and 61-638.