**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42285**

| | | |
|---|---|---|
| **CALEB HANSEN,** | ) | **2015 Opinion No. 14** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 27, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LAWERENCE DENNEY, in his capacity as the Secretary of State of the State of Idaho,** | ) ) ) ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Order granting motion to dismiss appeal from agency, affirmed.

Caleb Hansen, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Michael S. Gilmore, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Caleb Hansen appeals from the district court's order granting the Secretary of State's motion to dismiss Hansen's appeal from the Secretary's decision declining to place Hansen's name on a general election ballot. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On March 12, 2014, Hansen filed with the Idaho Secretary of State's Office a declaration of independent candidacy for state representative, Seat B, Legislative District 19, for the general

1

election to be held on November 4, 2014.[1]  The Secretary's office responded by letter the same day, informing Hansen that he would not be on the ballot because he had not been a qualified elector of District 19 for at least a year preceding the general election.  Hansen had registered to vote in District 19 the day before he filed his declaration of candidacy.  The letter also informed Hansen that, pursuant to I.C. § 34-215, he had a right to appeal the Secretary's decision to the district court.  Attached to the response was a 1998 letter from the Idaho Attorney General's Office to an individual in circumstances similar to Hansen's, which provided a legal analysis and conclusion that candidates for the legislature were required to be qualified electors (registered voters) in their legislative district for at least a year immediately preceding the general election.

Instead of promptly appealing, Hansen wrote a letter to the Attorney General's Office on March 18, 2014, contending that the legal analysis and conclusion in the 1998 letter were incorrect.  Specifically, he contended that, to be a candidate for the legislature, he was not required to be a "qualified elector," which required that he be registered to vote in the district he intended to represent for at least one year prior to the election; instead, he needed only to be an "elector," which he alleged did not require registration to vote for at least a year prior to the election.  The Attorney General's Office responded by letter the next day, informing Hansen that it could not provide the legal guidance Hansen was seeking.  Hansen had a discussion with a member of the Attorney General's Office sometime thereafter in which he was again informed of the office's inability to assist him and that he could seek redress through appeal of the Secretary's decision to the district court.[2]

Hansen filed an application for a writ of mandamus on April 18, 2014, thirty-seven days after being informed that he would not be on the ballot and that he had a right to appeal under I.C. § 34-215.  In the application, Hansen claimed that the Secretary had erred in excluding Hansen from the ballot based on his not being a qualified elector and that he was entitled to a

---

[1]    The Secretary of State in office at the time was Ben Ysursa, who did not run for re-election.  Lawerence Denney was subsequently elected and substituted, pursuant to Idaho Appellate Rule 7, as the respondent in this case.

[2]    Hansen asserts in his brief on appeal that this subsequent conversation took place on April 1, 2014.  However, no date is specified in his affidavit, and there is otherwise no evidence supporting Hansen's claim on this point, aside from his unsworn contention in his brief.

writ of mandamus compelling the Secretary to include Hansen's name on the general election ballot because he had no other plain, speedy, and adequate remedy at law. The Secretary filed a motion to dismiss, asserting that the application should be dismissed because of Hansen's failure to pursue an appeal, or, alternatively, because of the untimeliness of the appeal if the application were treated as such. The district court granted the Secretary's motion to dismiss Hansen's application for a writ of mandamus based on Hansen's failure to exercise his right to appeal pursuant to I.C. § 34-215. The district court then treated the application as an appeal pursuant to I.C. § 34-215 and alternatively dismissed it as untimely under Idaho Rule of Civil Procedure 84(b)(1).[3] Hansen appeals.

## II.

## ANALYSIS

On appeal, both parties argue the merits of Hansen's claims. However, because the district court dismissed Hansen's appeal as untimely under I.R.C.P. 84(b)(1), it made no decision on the merits of Hansen's claims. Accordingly, the only issues for our review on appeal are the issues of mootness, which the Secretary raised, and whether Hansen's appeal pursuant to I.C. § 34-215 was timely.

### A.    Mootness

As a threshold matter, the Secretary asserts that the issue presented is moot. This Court may dismiss an appeal when it appears that the case involves only a moot question. *Downing v. Jacobs*, 99 Idaho 127, 127-28, 578 P.2d 243, 243-44 (1978). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000). In other words, a case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome. *Id.*; *Idaho Cnty. Prop. Owners*

---

[3]    Although his pleading was captioned as an application for a writ of mandamus, Hansen contends on appeal that the pleading was mistitled and was, in reality, an appeal pursuant to I.C. § 34-215. The district court treated Hansen's pleading as an appeal in the alternative. Because the district court treated Hansen's pleading as an appeal in the alternative and because he requests review of his pleading as an appeal, we will also treat Hansen's pleading as an appeal for the purposes of these proceedings. Accordingly, we need not address any arguments pertaining to whether a writ for mandamus could or should properly issue under these circumstances.

*Ass'n, Inc. v. Syringa Gen. Hosp. Dist.*, 119 Idaho 309, 315, 805 P.2d 1233, 1239 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *Koch v. Canyon Cnty.*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008); *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851-52, 119 P.3d 624, 626-27 (2005).

Because the November 2014 general election has passed, Hansen's request for judicial relief from the Secretary's decision to not place him on that ballot is moot. However, the Secretary requests that we nonetheless address the case because it presents issues of substantial public importance that are capable of repetition, yet evade review. We agree. Due to the limited time between when a prospective candidate may file their declaration of candidacy and have it denied and when the resulting cause of action may become moot following the general election--a period of approximately nine months--the issue is one that is virtually incapable of being reviewed by both the district court and an appellate court before becoming moot. Moreover, this issue is not only capable of repetition, but has arisen in the past. In the Secretary's affidavit, he listed eleven other candidates who have been disqualified from the 2006-2014 election cycles on the same basis as Hansen's disqualification. Additionally, election issues are generally of substantial public interest, and the issues presented in this case are no exception. Accordingly, the second and third exceptions to the mootness doctrine apply, so we proceed to review whether Hansen's appeal was timely.

**B.     Timeliness**

Hansen contends that the district court erred in dismissing his appeal as untimely. Appeals from state agency and local government actions are governed by I.R.C.P. 84. Actions of state agencies or local governments are not subject to judicial review unless expressly authorized by statute. I.R.C.P. 84(a). When the statute allowing appeal from state agency or local government actions provides no stated procedure or standard of review, the procedures listed under Rule 84 govern. *Id.* Neither I.C. § 34-215, nor any other section in Title 34, provides a time limit for filing an appeal from an adverse election law decision of the Secretary of State's Office. Accordingly, Rule 84 provides the missing time limit for filing an appeal.

4

Rule 84(b)(1) provides, in pertinent part:

> Unless a different time or procedure is prescribed by statute, a petition for judicial review from an agency to district court must be filed with the appropriate district court within twenty-eight (28) days after the agency action is ripe for judicial review under the statute authorizing judicial review, but the time for filing a petition for judicial review is extended as provided in the next sentence. When the decision to be reviewed is issued by an agency with authority to reconsider its decision, the running of the time for petition for judicial review is suspended by a timely motion for reconsideration . . . . Judicial review is commenced by filing a petition for judicial review with the district court . . . .

Thus, the time for Hansen to file his appeal from the Secretary's decision, as provided for in I.C. § 34-215, was twenty-eight days from the date Hansen was notified of the adverse decision on March 12, 2014.

Failure to file a notice of appeal from an adverse administrative final decision within the time limits prescribed by statute or rule is jurisdictional and warrants automatic dismissal of the appeal. I.R.C.P. 84(n); *Grand Canyon Dories, Inc. v. Idaho State Tax Comm'n*, 121 Idaho 515, 516, 826 P.2d 476, 477 (1992). A court has no power to avoid a jurisdictional defect caused by a failure to file an appeal by extending the time for filing. *Id.*; *Chapman v. Boehm*, 27 Idaho 150, 152, 147 P. 289, 289 (1915); *Moe v. Harger*, 10 Idaho 194, 195, 77 P. 645, 645 (1904). Whether a district court had jurisdiction over an action is a question of law, over which this Court exercises free review. *City of Eagle v. Idaho Dep't of Water Res.*, 150 Idaho 449, 450-51, 247 P.3d 1037, 1038-39 (2011).

Hansen acknowledges that he did not file an appeal with the district court within twenty-eight days of being notified of the Secretary's decision. Instead, he contends that his communication with the Attorney General's Office constituted an attempt to exhaust his administrative remedies pursuant to I.C. § 67-5271, which provides that "a person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies required in this chapter." Thus, Hansen argues, I.C. § 67-5273(3) allowed for the time for filing his appeal to be tolled during the pendency of his attempts to exhaust his administrative remedies.[4] However, I.C. § 67-5271 and its related sections do not apply to judicial review of

---

[4] Idaho Code Section 67-5273(3) provides, in pertinent part:

5

agency action if an "other provision of law is applicable to the particular matter." I.C. § 67-5270(1). Idaho Code Section 34-215(1) specifically addresses appeals by persons "adversely affected by any act or failure to act by the secretary of state or a county clerk under any election law." As a result, I.C. § 67-5271 would not apply. Rule 84(b) does not provide for tolling of the time for appeal during the pendency of a petitioner's attempts to exhaust administrative remedies. Accordingly, Hansen's appeal pursuant to I.C. § 34-215 was untimely under I.R.C.P. 84(b)(1).

Even assuming that I.C. § 67-5271 applied to this case, Hansen was not exhausting administrative remedies by communicating with the Attorney General's Office, so the time for appeal could not be tolled. It was the decision of the Secretary of State's Office that was available for appeal, not any decision or action by the Attorney General's Office. Moreover, the Attorney General's Office does not have the authority to override or otherwise remedy a decision made by the Secretary of State's Office. The administrative remedies referenced in I.C. §§ 67-5271(1) and 67-5273(3) are those remedies made available by the agency from which the appeal would be taken. *See Owsley v. Idaho Indus. Comm'n*, 141 Idaho at 135, 106 P.3d at 461 (2005) ("Before a court will hear an appeal from an agency adjudication, a litigant must normally exhaust the administrative remedies that agency makes available."); *see also Nation v. State, Dep't of Corr.*, 144 Idaho 177, 193, 158 P.3d 953, 969 (2007) (quoting *Owsley*).

Here, the Secretary neither offered, nor did the statute make available, any administrative remedies for a decision declining to put a candidate's name on a ballot. On the contrary, I.C. § 34-215 provided direct appeal to the district court as the remedy available for an adverse decision or action by the Secretary. Hansen failed to pursue this available remedy within the twenty-eight days allowed under either I.C. § 67-5273(3) or I.R.C.P. 84(b)(1). Hansen's efforts to contact the Attorney General's Office to dispute the legal reasoning of a letter from 1998 were, at best, efforts to exhaust nonexistent administrative remedies with a different agency.

---

A petition for judicial review of a final agency action other than a rule or order must be filed within twenty-eight (28) days of the agency action, except as provided by other provision of law. The time for filing a petition for review shall be extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies, if the attempts are clearly not frivolous or repetitious.

Hansen argues that *Petersen v. Franklin Cnty.*, 130 Idaho 176, 938 P.2d 1214 (1997) stands for the proposition that sincere attempts to exhaust administrative remedies, even when no remedies exist, tolls the time for filing an appeal under I.C. § 67-5273(3). In that case, the Petersens sought judicial review of the county commissioners' site selection for a new landfill. The commissioners sought to dismiss the Petersens' appeal as untimely, as it had been filed well after the twenty-eight-day period for appeals established in I.C. § 67-5273(3). The Idaho Supreme Court determined that the time for filing the appeal had been tolled by the Petersens' efforts to exhaust their administrative remedies. *Petersen*, 130 Idaho at 184-85, 938 P.2d at 1222-23. The Court noted that the commissioners did not inform the Petersens that they had exhausted their administrative remedies until almost two months after the site selection decision had been made, thus allowing for the time to appeal to be tolled until that date. *Id.* at 185, 938 P.2d at 1223.

In *Petersen*, the plaintiffs pursued their remedies with the agency that was responsible for the decision to which they objected. Moreover, the agency failed to inform them that no administrative remedies were available until well after the decision had been made and the time for appeal had passed. Conversely here, Hansen was informed by the Secretary of State's Office contemporaneous with its adverse decision that his available remedy was appeal to the district court. Hansen did not attempt to pursue any further administrative remedies with the Secretary of State's Office, such as a motion to reconsider; instead, he pursued his case with an entirely different agency--the Attorney General's Office--regarding the 1998 legal analysis which he believed was incorrect. Thus, *Petersen* does not provide a basis to deem Hansen's conduct as attempting to exhaust his administrative remedies. As a result, even if I.C. § 67-5273(3) applied to Hansen's case, it would not toll the twenty-eight-day time limit to file the appeal available under either I.C. §§ 34-215 or 67-5273(2).

## III.

## CONCLUSION

The issue presented in this case is not moot because it concerns an election issue of substantial public interest and is capable of repetition, yet evades review. However, the district court did not err in granting the Secretary's motion to dismiss Hansen's appeal as untimely because Hansen failed to file his appeal within twenty-eight days of the Secretary's adverse

decision.  Moreover, no administrative remedies were available to exhaust, and Hansen's purported efforts to exhaust his administrative remedies by communicating with the Attorney General's Office were of no avail.  Accordingly, the district court's order dismissing Hansen's appeal is affirmed.  Costs, but not attorney fees, are awarded to the Secretary on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.