**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42263**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 687** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 30, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MERNA JEAN TRANMER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction; order denying motion to suppress evidence; and order denying motion for judgment of acquittal, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Merna Jean Tranmer appeals from the district court's denial of her motion to suppress evidence and her motion for judgment of acquittal. We hold the district court did not err in denying either motion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Cyr stopped Tranmer's vehicle for failing to use a turn signal. Neither party challenges the validity of the traffic stop. Tranmer was able to produce her license and insurance, but not any vehicle registration, and the van she was driving did not belong to her. During the stop, the officer noticed Tranmer had sores on her face and dirty hair, appeared to be much older than her actual age, waved her arms erratically, repeated statements, was nervous, interrupted him, and talked quickly. Tranmer was known to associate with other drug users and

1

had been with one of them earlier in the evening. Cyr returned to his patrol car, immediately called for a drug dog, and began the process of confirming Tranmer's identification and issuing a written citation. This process took approximately ten to twelve minutes, in part, because his computer was slow and the e-ticket printer was out of paper which required Cyr to handwrite the citation. While Cyr was completing the citation, Officer Loosli and his drug dog arrived on the scene, conducted a sniff around the van, and indicated a positive response for drugs.

After the dog alerted on the van, Loosli asked if he could search the van, to which Tranmer replied, "Go ahead." During the search of inside the vehicle, officers located a digital scale with methamphetamine residue. Loosli questioned Tranmer for approximately two minutes. Loosli then asked Tranmer, "Do you mind if I search you?" Tranmer responded, "No." Loosli then asked, "Do you mind if I search your purse?" Tranmer responded, "Yeah, go for it." Inside the purse, the officer found shards of methamphetamine. Tranmer became increasingly agitated, grabbed the purse, and attempted to either turn the lining of the pocket in the purse out to dispose of the methamphetamine shards or attempted to grind the shards into a powder such that it would be untestable. The officer regained control of the purse. Tranmer was arrested and taken to jail.

Tranmer was charged with possession of a controlled substance and attempted destruction of evidence. Tranmer filed a motion to suppress which was denied. The first trial ended in an acquittal of the possession of a controlled substance charge and a mistrial on the attempted destruction of evidence. The second trial resulted in a jury finding Tranmer guilty of attempted destruction of evidence. Tranmer appeals the denial of the motion to suppress and asserts there was insufficient evidence to sustain the conviction.

## II.

## ANALYSIS

On appeal, Tranmer argues that the district court erred in denying the motion to suppress because the traffic stop was unlawfully extended, she did not voluntarily consent to the search, and the doctrine of inevitable discovery does not apply. Tranmer also argues that there was insufficient evidence to support a conviction for attempted destruction of evidence. The State argues that the denial of the motion to suppress is moot because Tranmer was acquitted of the possession of methamphetamine charge, the district court correctly denied the motion to suppress, and there is substantial and competent evidence to support the conviction.

2

## A. The Denial of the Motion to Suppress is Not Moot

The State argues that Tranmer's appeal of the denial of the motion to suppress is moot because Tranmer was acquitted of the possession of a controlled substance charge and her motion to suppress was only applicable to that charge. In the alternative, the State argues that even if the methamphetamine should have been suppressed, it would not have affected the charge of attempted destruction of evidence because Tranmer's act of grabbing the purse and trying to either empty the lining or crush the shards was an intervening act that dispelled any initial police misconduct. Tranmer argues that the issue is not moot because the shards of methamphetamine were necessary to establish an element of her charge of attempting to destroy evidence, and this evidence was used in support of the State's case-in-chief in the destruction of evidence trial. Further, Tranmer argues that her actions did not dispel the initial police misconduct.

An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded by judicial relief. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010) (citing *Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quoting *Ameritel Inns*, *Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005))). In other words, a case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome. *Hansen v. Denney*, 158 Idaho 304, 307, 346 P.3d 321, 324 (Ct. App. 2015) (citing *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000)); *Idaho Cnty. Prop. Owners Ass'n*, *Inc. v. Syringa Gen. Hosp. Dist.*, 119 Idaho 309, 315, 805 P.2d 1233, 1239 (1991).

Here, the issue is not moot. The methamphetamine was the only piece of evidence to establish the element of the crime of attempted destruction of evidence and was the only piece of evidence to elevate the crime to a felony. That offense requires the State to prove that the item destroyed or attempted to be destroyed is "about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation" and that the "trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense . . . ." I.C. § 18-2603. *See also* I.C. § 37-2732(c)(1) (possession of methamphetamine is a felony offense). While we conclude below that the district court did not err in denying the motion to suppress, there is, however, a justiciable controversy at issue in this appeal. The record shows that the State's evidence at this trial consisted of the officers' testimony and reports from the Idaho State Police lab that verified

that the substance in Tranmer's purse was methamphetamine. If we had determined that the motion to suppress should have been granted, the State would not have been able to utilize the methamphetamine found in Tranmer's purse and there would arguably be no evidence to be destroyed by Tranmer during the traffic stop. Thus, Tranmer would have had a valid basis to argue there was insufficient evidence to support her conviction.

We disagree with the State that *State v. Schrecengost*, 134 Idaho 547, 6 P.3d 403 (Ct. App. 2000) controls the outcome of this issue. In *Schrecengost*, the defendant had been arrested for possession of a controlled substances and transported to the county jail, and it was at the jail that she attempted to flush the drug evidence down the toilet. *Id*. at 548, 6 P.3d at 404. Schrecengost was never charged with possession of a controlled substance, she was only charged with the destruction of evidence offense. *Id*. at 548 n.1, 6 P.3d at 404 n.1. The parties stipulated that the arrest of the defendant had been illegal so the issue before the district court was whether the drug evidence and evidence of the attempted destruction of that evidence was admissible. *Id*. at 549, 6 P.3d at 405. To determine whether the evidence should be suppressed because it was obtained through unconstitutionally impermissible police action, the court applied the three factor test from *Brown v. Illinois*, 422 U.S. 590, 602-605 (1975). *Schrecengost*, 134 Idaho at 549, 6 P.3d at 405. This test requires the court to determine if the evidence was obtained by exploiting the initial illegality by balancing the weight of the following factors:

> (1) the temporal proximity of the illegal police conduct and the acquisition of the evidence; (2) whether there are intervening circumstances between the illegal police conduct and the acquisition of the evidence; and (3) whether the purposes and flagrancy of the official misconduct satisfy the deterrent rationale of the exclusionary rule.

*Id.* (citing *Brown v. Illinois*, 422 U.S. 590 (1975)).

This Court reversed the decision to grant the motion to suppress because the defendant's "actions in destroying the suspected contraband were not committed during an active, illegal police search . . . and . . . while the evidence was still in her possession," and because law enforcement "did not exploit the illegality of their actions in order to obtain evidence related to a new and independent crime involving the destruction of evidence." *Schrecengost*, 134 Idaho at 550-551, 6 P.3d at 406-407.

In this case, we do not find that the law enforcement officers acted improperly or that the evidence was obtained through a constitutionally impermissible manner. However, if we had made that determination, and if we were to apply the factors above to the matter, then the

4

evidence from Tranmer's purse would likely be suppressible. This case is factually distinguishable from *Schrecengost* because there is no time lapse between the search and the acquisition of the scale in the van and the methamphetamine in the purse, and there is no time lapse between the search and Tranmer's actions grabbing the purse from Loosli and trying to destroy the methamphetamine shards. In addition, there are no intervening circumstances between the search and Tranmer's actions to destroy the evidence as there was in *Schrecengost* where the defendant had been transported to the county jail and took independent action to destroy the evidence. Here, Tranmer's actions occurred during the active police search of her vehicle and were part of the ongoing investigation and search at the scene of the traffic stop. As such, Tranmer's appeal of the denial of the motion to suppress is not moot and we will address the merits of the appeal from the denial of the motion to suppress.

**B.      The District Court Did Not Err in Denying the Motion to Suppress**

On appeal, Tranmer challenges the district court's denial of the motion to suppress and argues that the court erred in finding that the traffic stop was not unreasonably extended, that she voluntarily consented to the search of her vehicle and purse, and that the doctrine of inevitable discovery applied to the circumstances of the case.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

### 1.      The traffic stop was not unreasonably extended

Tranmer challenges the district court's determination that the traffic stop was not unreasonably extended and argues that the extension of the traffic stop was not reasonable under the circumstances.

The determination of whether an investigative detention is reasonable requires a dual inquiry - whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v.*

5

*Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe*, 140 Idaho at 181, 90 P.3d at 931. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe*, 140 Idaho at 181, 90 P.3d at 931.

Tranmer asks us to declare as a matter of law that taking ten to twelve minutes to fill out a citation is unreasonable. This the Court cannot do. Cyr testified that during training, it took about 30 minutes to fill out the form, and that during a normal traffic stop, it typically took him about 15 minutes to fill out a citation, including confirming information. He testified that the e-citations were faster, but his e-citation printer was out of paper so he had to manually fill out the printed form. Cyr further testified that because he did not have the vehicle registration, it took additional time to fill out the citation because he had to look up information regarding the vehicle, and his computer was running slowly.

The time it took for Cyr to fill out the citation was "reasonably related in scope to the circumstances that justified the stop in the first place." *See Sheldon*, 139 Idaho at 983, 88 P.3d at 1123. Prior to the time Cyr finished with the citation, the drug dog had arrived and alerted on the van, giving the officers probable cause to search the van. Because the time taken to fill out the citation was reasonably related to the scope of the stop, there was no unreasonable extension of the traffic stop.

6

**2. The consent to search the purse was freely and voluntarily given**

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.*

A search conducted with consent that was freely given is an exception to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *State v. Garcia*, 143 Idaho 774, 778, 152 P.3d 645, 649 (Ct. App. 2006). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth*, 412 U.S. at 248; *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

Factors to be considered are whether there are numerous officers involved in the confrontation, *Castellon v. United States*, 864 A.2d 141, 155 (D.C. 2004); *United States v. Jones*, 846 F.2d 358, 361 (6th Cir. 1988); the location and conditions of the consent, including whether it was at night, *United States v. Mapp*, 476 F.2d 67, 77-78 (2d Cir. 1973); whether the individual was free to leave, *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002); and whether the individual knew of his right to refuse consent, *Schneckloth*, 412 U.S. at 248-249. Based on the totality of all the factors, this Court holds that consent was freely and voluntarily given.

In this case, while Tranmer was questioned at night and two officers were present, no threats were made and the questioning lasted approximately two minutes. The officer was clear and explicit in his request to search both Tranmer and her purse. While Tranmer was not free to leave once the drug dog alerted on the van, that, in and of itself, does not render the consent

7

involuntary. Tranmer clearly and explicitly gave permission to search both her person and her purse. She felt comfortable enough to grab the purse from the officer's hands, indicating that she was not intimidated or feeling pressure. As such, in light of all the surrounding circumstances, consent was freely and voluntarily given and the search of Tranmer's vehicle and purse was not unreasonable. Because the consent was validly given, the Court declines to address the inevitable discovery claim. The district court's denial of the motion to suppress is affirmed.

**C.      There Was Sufficient Evidence to Sustain Tranmer's Conviction**

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The only issue in the trial was Tranmer's intent when she grabbed the purse. The State argued that Tranmer's intent by grabbing the purse was to destroy the shards. Tranmer argued her intent was just to get a better look at what the officer found. The evidence in this case reveals that after being informed that there were shards of methamphetamine in her purse, Tranmer asked to see them. As the officer showed her the shards, Tranmer tried to empty the lining and ran her finger along the seam, as if to destroy the shards. The jury was in the best position to view the evidence and determine which version of events was more credible. Because there was substantial and competent evidence to support the verdict, the denial of the motion for acquittal is affirmed.

### III.

### CONCLUSION

The district court did not err in denying the motion to suppress. There is sufficient evidence to support the conviction for attempted destruction of evidence. Therefore, Tranmer's judgment of conviction is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.